# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**AMERICAN ACADEMY OF IMPLANT DENTISTRY,** *et al.***,**

    **Plaintiffs,**

    v.

**KAMDAR,** *et al.***,**

    **Defendants.**

Civil Action 2:18-cv-15
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura

## **OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiffs' Motion to Lift Stay (ECF No. 16), Defendants' Memorandum in Opposition (ECF No. 18), and Plaintiffs' Reply (ECF No. 19). For the reasons that follow, the Court **DENIES** Plaintiffs' Motion to Lift Stay. (ECF No. 16.)

## I.

Plaintiffs, the American Academy of Implant Dentistry, Kevin J. O'Grady, D.D.S., and Scott Sayre, D.D.S. (collectively "Plaintiffs"), filed this action against Defendants, challenging the constitutionality of two rules of the Ohio State Dental Board ("Board"), Ohio Administrative Code Sections 4715-5-04 and 4715-13-05 (the "challenged rules"), which regulate Board recognition of dental specialties and professional advertising of those specialties. (Compl., ECF No. 1.) Plaintiffs seek declaratory relief and injunctive relief to enjoin Defendants from enforcing the challenged rules. (*Id.*)

On March 14, 2018, the parties jointly moved to stay all proceedings pending the Board's consideration of revisions to the challenged rules ("Joint Motion"). (Joint Mot., ECF No. 8.) In

their Joint Motion, the parties agreed that the anticipated revisions to the challenged rules may render Plaintiffs' claims moot or significantly affect the Court's analysis of the merits of Plaintiffs' claims. (*Id.* at 2-3.) The parties further agreed that a stay of the proceedings would not cause hardship to Plaintiffs because the Board voted to suspend enforcement of the challenged rules during the pendency of the rule revision process. (*Id.* at 3.) The Court promptly granted the Joint Motion and entered a stay of this case "through September 14, 2018, and if Defendants notify the Court in writing on or before September 14, 2018, that the Board has voted to revise the rules at issue, the stay will be extended until the rule revisions become effective." (Mar. 15, 2018 Order 2, ECF No. 9.)

On September 10, 2018, Defendants filed a status report, informing the Court that the Board voted to revise the challenged rules and to submit the proposed amendments to Ohio's Common Sense Initiative Office ("CSI") for review pursuant to Ohio Revised Code § 107.56. (Defs.' Status Report 1, ECF No. 17.) Defendants explained that, if CSI approves, the Board may proceed with the public rulemaking process pursuant to Ohio Revised Code Chapter 119, which includes further review by the Board, a public comment period, review by the Joint Commission on Agency Rule Review, and a second review by CSI to determine the business impact of the proposed rule. (*Id.* at 1-2.) This process will likely take several months and could potentially result in additional changes or no changes to the challenged rules. (*Id.*) Defendants assert that the stay should remain in place until the rule revisions become effective. (*Id.* at 2.)

Plaintiffs seek to lift the stay, contending that the Board's proposed rule revisions will not resolve or narrow their constitutional concerns. (Pl.'s Mot. to Lift Stay, ECF No. 16.) They assert that they initially agreed to a stay because they believed that the Board's proposed rule

2

revisions would accommodate or take steps toward accommodating their constitutional concerns. (*Id.* at 3.) They no longer believe that to be true. Plaintiffs allege that they will suffer harm from the continued delay of this matter because the rulemaking process will not resolve their claims. (*Id.* at p. 4.)

Defendants oppose Plaintiffs' Motion to Lift Stay, asserting that the stay should remain in place until the revisions to the challenged rules become effective. (Defs.' Resp. in Opp. 2, ECF No. 18.) Defendants disagree with Plaintiffs' contention that the proposed changes will not modify the substance of the challenged rules and reassert that the revisions may render Plaintiffs' claims moot or affect the Court's analysis of Plaintiffs' claims. (*Id.* at 3 and n. 1.) They also note that the challenged rules may undergo additional revisions during rulemaking process. (*Id.* 3.) Defendants assert that the parties "reasonably agreed not to expend resources litigating this case until the final language in the rules is established" and that Plaintiffs were aware of the lengthy rulemaking process when they initially agreed to a stay. (*Id.* at 3-4.) Finally, Defendants contend that neither Plaintiffs nor the public will suffer harm from the delay because the Board agreed to suspend enforcement of the challenged rules until any changes become effective. (*Id.*, at p. 4.)

## II.

A district court possesses the inherent power to stay proceedings based on its authority to "control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants . . . ." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (holding that "the District Court has broad discretion to stay proceedings as

3

an incident to its power to control its own docket.")). In deciding whether to grant a stay, courts commonly consider factors such as: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court. *Grice Eng'g, Inc. v. JG Innovs., Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). *See also Ferrell v. Wyeth–Ayerst Labs., Inc.*, No. 1:01–cv–447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) ("There is no precise test in this Circuit for when a stay is appropriate. However, district courts often consider the following factors: the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy."). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

### III.

Applying the foregoing considerations, the Court finds that a stay is warranted pending completion of the rule revision process.

The Court is persuaded that a stay is necessary and that it may directly reduce the burden of this litigation on both the parties and the Court. Although the parties disagree regarding the impact of the Board's proposed amendments to the challenged rules, they agree that the rules will likely be revised in some manner. Significant modifications of the rules will impact the Court's assessment of the merits and could even render Plaintiffs' constitutional challenges moot. Such modifications could also result in amendments to pleadings, duplicate discovery efforts, and revised dispositive motions. Under such circumstances, a stay is prudent, as it will

preserve the parties' resources, promote judicial economy, and avoid potentially needless consideration of the constitutionality of the challenged rules. *Cf. R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 500–01 (1941) (explaining that "[f]ew public interests have a higher claim upon the discretion of a federal chancellor than the avoidance of needless friction with state policies); *Spector Motor Serv. v. McLaughlin*, 323 U.S. 101, 105 (1944) ("If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable.").

The Court is also not persuaded that Plaintiffs, or the public, will suffer undue harm from a continuance of the stay. The Court recognizes that the State's rule revision process is lengthy and that the stay could be in place for several months. Plaintiffs and the public will suffer minimal harm from such delay, however, because the Board voted to suspend enforcement of the challenged rules until the revisions are effective. Accordingly, the relevant factors weigh in favor of maintaining the stay during the rule revision process.

**IV.**

For the reasons set forth above, the Court **DENIES** Plaintiffs' Motion to Lift Stay (ECF No. 16.) This case is hereby **STAYED** until the revisions to the challenged rules become effective. Defendants are **ORDERED** to submit a status report to this Court thirty (30) days from the date of this Opinion and Order, and every thirty (30) days thereafter until the stay is lifted. Defendants are further **ORDERED** to notify the Court upon the completion of the rule revision process.

**IT IS SO ORDERED.**

    *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**